ANTONIA Q. DE SOTO GRAS, demandante y apelada, v. ALBERT B. BOARDMAN, demandado y apelante.

No. 4606.—*Visto:* Mayo 28, 1928. *Resuelto:* Mayo 31, 1928.

*O. B. Frazer & Castro Fernández,* abogados del apelante; *F. Soto Gras,* abogado de la apelada.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

Este es un caso de desahucio. La corte de distrito declaró la demanda con lugar el 24 de abril último. No conforme el demandado apeló el 28 del propio mes pidiendo a la corte el propio día que le fijara la fianza que exige la sección 12 de la ley especial sobre la materia (Comp. 1911. p. 339) para perfeccionar el recurso. Inmediatamente la corte fijó en

quinientos dólares la fianza y ésta fué prestada y aprobada al día siguiente.

La parte apelada solicita de esta corte que desestime el recurso porque la fianza se fijó y aprobó sin su intervención, porque no contiene los requisitos que determina el art. 355 del Código de Enjuiciamiento Civil y porque su cuantía es manifiestamente insuficiente. Alega además que debe desestimarse la apelación por frívola.

La parte apelante se opuso por escrito y ambas partes informaron oralmente en el día señalado para la vista de la moción.

A nuestro juicio no tiene razón la parte apelada.

█ La sección 11 de la Ley de Desahucio (Comp. 1911, p. 339) dice que las apelaciones en tales casos deberán interponerse en el término de cinco días contados desde la fecha de la sentencia como aquí se hizo. Y la sección 12 que sigue determina que no se admitirá al demandado el recurso si no consigna en secretaría el importe del precio adeudado hasta la fecha de la sentencia cuando el desahucio se funda en falta de pago, y en cualquier otro caso a menos que otorgue una fianza, a satisfacción del tribunal, para responder de costas y daños y perjuicios, debiendo tanto la consignación como la fianza quedar formalizadas dentro del término concedido para la apelación.

Nada dice la ley con respecto a que sea necesario oír a la parte apelada antes de fijar y aprobar la fianza. Dicha parte no ha citado ningún precepto de ley o jurisprudencia alguna que sostenga su pretensión.

Siendo ello así, dado lo perentorio del término, su naturaleza jurisdiccional y las expresas palabras del legislador dejando que la fianza sea "a satisfacción del tribunal," debemos concluir que la intervención del apelado no es indispensable.

█ No es necesario que en el mismo documento de fianza se consigne que en la corporación fiadora concurren los requi-

sitos que exige el art. 355 del Código de Enjuiciamiento Civil que se invoca. Debe presumirse su existencia cuando la corte aceptó la fianza y la presunción no ha sido destruida por la parte apelada.

La cuantía es suficiente. Por los motivos que veremos el apelante ha venido consignando mes tras mes la suma de cien dólares como cánones de arrendamiento y así la fianza de quinientos dólares meramente lo fué para garantir daños y perjuicios que pudieran originarse y las costas del litigio.

Con la mera opinión de la corte, sin conocer las pruebas, no es posible decidir si se trata de una apelación frívola, especialmente cuando la propia opinión demuestra que existe una verdadera controversia entre las partes ya que la demandante alega que el demandado ocupa la casa de que se trata en precario y el demandado sostiene que la habita a virtud de un contrato escrito de arrendamiento y ambos aportaron prueba para sostener sus respectivas pretensiones.

*No ha lugar a desestimar el recurso.*